# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WANDA DRAKE,

    Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., *et al.*,

    Defendants.

Case No. 2:12-CV-00395-KJD-RJJ

**ORDER**

    Before the Court is Plaintiff Wanda Drake's Motion to Remand (#8) to which Defendants California reconveyance Company, Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank N.A. (together with Ticor Title "Defendants") have responded (#14).

    Also before the Court are two Motions to Dismiss (## 5, 19) filed by Defendants. Plaintiff has responded (## 10, 23) and Defendants have replied (## 13, 27).

    Also before the Court is the Motion to Consolidate (#15) filed by Defendant Ticor and the Motion to Stay Sale of Property (#24) filed by Plaintiff.

Background

    In October, 2005, Plaintiff obtained a loan ("the Loan") from The Mortgage Depot, Inc. in the amount of $500,000. The Loan was secured by a Deed of Trust recorded against property at 6345 N.

El Capitan Way, Las Vegas, Nevada (the "Property").  The Deed of Trust designates Mortgage Electronic Registration Services ("MERS") as a beneficiary, as nominee for the lender, its successors and assigns and grants broad authority to MERS.

In August 2011, MERS executed an Assignment of Deed of Trust transferring all beneficial interest in the Deed of Trust and the Note to Defendant Wells Fargo, as trustee.  At that time, Wells Fargo executed a Substitution of Trustee and replaced Defendant Ticor Title as trustee, and substituted Defendant California Reconveyance Company ("CRC") as the new trustee under the Deed of Trust.  Plaintiff went into default and a Notice of Default and Election to Sell was recorded on August 12, 2011 by CRC.

Plaintiff filed this action in state court and it was removed here.  At the time of removal, the Clerk of Court assigned the action two case numbers.  Case no. 12-cv-00396 was dismissed by Judge Philip M. Pro on April 16, 2012.

II. Motion to Remand

Generally, federal district courts have diversity jurisdiction "over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (citing 28 U.S.C. § 1441).

Plaintiff's Motion to Remand lacks merit.  Judicially noticeable documents demonstrate that the amount in controversy far exceeds the jurisdictional requirement, and Defendants are diverse in citizenship from Plaintiff.  Plaintiff claims that the Court should remand the case because not all Defendants joined in the petition for removal.  However, the later-served Defendants subsequently consented to removal, and accordingly, the Court's exercise of jurisdiction is proper and the Motion for Remand is denied.

III.  Motions to Dismiss

A.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

Plaintiff is representing herself *pro se*. Courts must liberally construe the pleadings of pro se parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

A. All Claims Against Ticor Title

Defendant Ticor Title was replaced as trustee prior to the commencement of the foreclosure at issue in this action. Each claim by Plaintiff relates to the foreclosure or origination of the mortgage, which Ticor was not involved in. The Complaint fails to plead any specific allegations relating to Defendant Ticor which would suggest a plausible claim for relief. Accordingly, Plaintiff has failed to state a claim against Defendant Ticor, and Ticor's Motion to Dismiss is granted.

B. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S.§ 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v. Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985). A borrower cannot quiet title to a property without discharging any debt owed. See Fuleihan v. Wells Fargo, 2010 WL 3724186 at *5 (D.Nev. 2010). Courts of this District have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." Manderville v. Litton Loan Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted).

Plaintiff's argument that Defendant acted improperly by failing to record the assignment of the note and the Deed of Trust fails to state a cognizable legal theory. Even if the Court accepted Plaintiff's discredited legal theory, Plaintiff's Complaint fails to state any plausible claim that she has good title in herself. Further, Plaintiff has provided no indication that the debt she owes on the Property has been extinguished. Plaintiff's quiet title claim is not plausible and fails as a matter of law. Accordingly, this claim is dismissed.

C. Fraud

Fraud claims must be pled with particularity in accordance with Fed. R. Civ. P. 9(b). See Federal Trade Com'n v. Ivy Capital, Inc., 2011 WL 2118626 (D.Nev. 2011). In order to meet the

heightened pleading requirements of Rule 9(b) a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved.  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir.2009); see also, Yourish v. Cal. Amplifier, 191 F.3d 983, 993 n. 10 (9th Cir.1999); Parnes v. Gateway 2000, 122 F.3d 539, 549–50 (8th Cir.1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

In her Complaint, Plaintiff merely states that "the recorded documents speak for themselves." She does not specify the time, place, content, and names associated with the allegedly fraudulent activity.  The clear language of the Federal Rules requires more than Plaintiff's Complaint offers. Further, the other allegations of Plaintiff's Complaint do not support her claim of fraud.  Applicable Nevada law does not require that assignments of beneficial interest be recorded, and the provisions of the Deed of Trust relating to MERS have been interpreted to provide the broadest possible authority for the owner of the beneficial interest and its agents to assign or sell the interest in the debt.  See Lasao v. Stearns Lending Co., 2011 WL 3273923, at *3 (D. Nev. July 29, 2011); see also N.R.S. 106.210.  Accordingly, Plaintiff's fraud claim is dismissed.

D.  Breach of Contract

To state a claim for breach of contract in Nevada, a Plaintiff must demonstrate (1) the existence of a valid contract, (2) that plaintiff performed or was excused from performance, (3) that the defendant breached, and (4) that the plaintiff sustained damages.  Calloway v. City of Reno, 1993 P.2d 1259, 1263 (2000).

Plaintiff has not alleged that she performed her obligations pursuant to the Loan.  Judicially noticeable documents indicate that Plaintiff is in default.  Since she is in breach, Plaintiff cannot state a claim for Breach of Contract.  Further, Plaintiff's claim that Defendants breached by failing to notify her of transfer of the beneficial interest is not plausible since Defendants had no contractual or legal obligation to do so.  Accordingly, this claim is dismissed.

E.  Violations of the Nevada Revised Statutes

The version of N.R.S. 106.210 in effect at the time of the alleged assignment of Plaintiff's Note and Deed of Trust provided:

> Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust <u>may</u> be recorded, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons." (emphasis added)

This section was later amended to require recording of assignments.  However, the later amendment has no application to the assignments at issue here because they occurred before the recording requirement was in place.  Accordingly, Plaintiff's claim based on violation of N.R.S. 106.210 fails as a matter of law.

Plaintiff also seeks judicial review of her foreclosure mediation.  Pursuant to the Foreclosure Mediation Rules ("FMR"), judicial review of mediation is limited in scope to determining whether the parties participated in the mediation in good faith, enforcing any agreements made, and issuing sanctions as may be needed. <u>see</u> <u>Brunson v. Aurora Loan Services, LLC</u>, 2011 WL 5593041, at * 1 (Nev. Nov. 15, 2011) Any petition for judicial review must be served upon "any party and/or person appearing at the mediation on behalf of a party."  FMR 21(3).

Plaintiff's Complaint contains claims which are beyond the scope of judicial review of the foreclosure mediation.  Further, Plaintiff has not provided proof that she served the parties that appeared at the mediation with notice of her petition for judicial review.  Accordingly, the claim for review of the mediation fails.

F. Authority to Foreclose

Case law within this district holds that N.R.S. § 107.080 "does not require a lender to produce the original note or prove its status as a real party in interest, [a] holder in due course, current holder of the note, nominee of the current holder of the note, or any other synonymous status as a prerequisite to nonjudicial foreclosure proceedings." <u>Kwok v. Recontrust Company, N.A.</u>, 2010 WL 4810704, at *4 (D.Nev.2010); <u>see</u> <u>also</u> <u>Ritter v. Countrywide Home Loans, Inc.</u>, 2010 WL

3829378, at *3 (D.Nev.2010). Further, the theory that a party is not entitled to foreclose because the note was split from the deed of trust has been repeatedly rejected. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir.2011).

Plaintiff's claim that Defendants lack authority to foreclose because the Green Point Trust is the holder in due course fails as a matter of law. MERS was designated as the beneficiary on the Deed of Trust with authority to exercise all the lender's rights, including the right to foreclose. The Deed of Trust was assigned to Wells Fargo as successor beneficiary and to CRC as trustee. Accordingly, Defendants have authority to foreclose and Plaintiff's claims fail as a matter of law.

### G. Leave to Amend

Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, there is a general "policy to permit amendment with 'extreme liberality.'" Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

The Court has serious doubts that Plaintiff will be able to state any plausible claims if she chooses to amend her Complaint. However, because of the liberal standard for amendment, and because Plaintiff is representing herself *pro se*, the Court will not expressly forbid Plaintiff from filing a motion for leave to amend, which includes a proposed amended complaint. See LR 15-1. Plaintiff is instructed that she may not seek leave to amend her Complaint to state claims based on any of the invalid legal theories dismissed in this Order. Specifically, Plaintiff may not assert any foreclosure-related claim against Ticor Title, and may not base any claim in any proposed amended complaint on arguments that Defendants are required to prove chain of title, that Defendants are required to prove their status as a real party in interest, that securitization rendered the mortgage unenforceable, or that foreclosure is invalid because the note and the deed of trust have split. Failure to follow this direction will result in Plaintiff being ordered to pay attorney's fees incurred by Defendants in responding to these claims. The Court will not entertain motions for reconsideration of this Order.

IV. Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff Wanda Drake's Motion to Remand (#8) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Defendants' Motions to Dismiss (## 5, 19) are **GRANTED**.

**IT IS FURTHER ORDERED THAT** Defendant Ticor's Motion to Consolidate (#15) and Plaintiff's Motion to Stay Sale of Property (#24) are **DENIED** as moot.

**IT IS FURTHER ORDERED THAT** Plaintiff may file a motion for leave to amend which complies in every respect with this Order. Should Plaintiff choose to file a motion for leave to amend, she must do so within 14 days of the date of this Order.

DATED this 10th day of September 2012.

_____
Kent J. Dawson
United States District Judge